No. 201
DANIEL CLANCY et al v. WILLIAM A. GOEBEL et al
Error to Court of Appeals, Hamilton County
No. 18362. Motion for Order to Certify Record
Filed in Supreme Court February 5, 1924
2 Abs. 131
147. BILLS AND NOTES.
Published Only in Ohio Law Abstract

Action to recover on a promisory note, commenced in the Municipal Court of Cincinnati, in which Wm. A. Goebel et al were plaintiffs and Daniel Clancy and James R. Clancy were defendants. The parties are herein referred to as plaintiff and defendant as they appeared in the trial court.

James R. Clancy purchased from plaintiff a bill of furniture and on April 5, 1921, executed a promisory note secured by a chattel mortgage on the furniture. At a later date, Daniel Clancy, the father of James R. Clancy, signed the note on its face. The note provided for instalment payments, on one of which, in the amount of $75, the son defaulted. The Municipal Court rendered judgment against the son, who offered no defense, but dismissed the father on the ground that he had signed the note after delivery and no new consideration had been shown. The Common

Pleas affirmed the Municipal Court. The Court of Appeals overruled the Common Pleas on the ground that the signature was presumed to have been for a consideration and there was no evidence of lack of consideration. The Clancys claim that the Court of Appeals erred in not following the Common Pleas.

Attorneys—Walter K. Sibbald, Cincinnati, for Clancy.

---

No. 202
ROYAL GREEN COACH CO. v. OHIO PUBLIC UTIL. COM.
No. 18388.    Filed in Supreme Court
Feb. 16, 1924.  2 Abs. 147
Error to the Public Utilities Commission
Published Only in Ohio Law Abstract

118.  AUTO BUS LINES—Competition with tractions.

The Coach Co. alleged that it is an Ohio corporation with its principal place of business at Hamilton. That it began June 21, 1923, to operate a motor bus line between the cities of Dayton and Hamilton and between Hamilton and Oxford, having filed with the Public Utilities Commission the schedules, and complied wth the rults and statute laws, until prohibited by an order of the Commission made December 13, 1923. The evidence disclosed that this Company was running the only bus line between Dayton and Hamilton and that it was the first to operate on the route between Hamilton and Oxford.

On November 14, 1923, the Company filed an application with the Commission for a new certificate of convenience to operate over the same route. A hearing was had Dec. 13, 1923, and on Jan. 4, 1924, the Commission denied the certificate.

This denial was based upon the finding by the Commission that between the cities of Dayton and Hamilton there existed a traction line which furnished service for passenger transporation and that if a bus line was permitted to operate, the traction line would suffer by a decrease of its revenue. The Commission found also that the interurban had sufficient equipment and that public convenience did not necessitate another carrier between the cities. The Commission made no finding against the character and type of the equipment of the Coach Co. and its refusal of a certificate was not based upon the fact that the Company had not begun to operate before April 28, 1923.

Three questions are presented to the court for adjudication, to-wit:

(1) Is the order of the Public Utilities Commission sustained by the weight of the evidence.

(2) Can the question of traction competition be undertaken by the Commission, and its decision made to depend upon what might happen to existing traction companies if bus competition be permitted to become firmly established, and

(3) The constitutionality of the Collister-Freeman act.

Attorneys—Frank W. Geiger and A. J. Halloran, Springfield, for plaintiff; C. C. Crabbe, Atty. Gen., and John W. Bricker, Columbus, for defendant.